```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                       Case No. 18-02876-HWV
James Doyle Moran, II                                                        Chapter 7
Teresa Louise Moran
         Debtors                        CERTIFICATE OF NOTICE
District/off: 0314-1           User: admin                 Page 1 of 1                  Date Rcvd: Oct 19, 2018
                               Form ID: 318                Total Noticed: 9


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 21, 2018.
db/jdb         +James Doyle Moran, II,    Teresa Louise Moran,    2435 Iron Springs Rd,
                 Fairfield, PA 17320-9791
5082809        +Capital One Auto Finance,    P O Box 259407,    Plano, TX 75025-9407
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +EDI: AISACG.COM Oct 19 2018 23:18:00       Capital One Auto Finance, a division of Capital On,
                 4515 N Santa Fe Ave. Dept. APS,    Oklahoma City, OK 73118-7901
cr             +EDI: AISACG.COM Oct 19 2018 23:18:00       Capital One Auto Finance, a division of Capital On,
                 AIS Portfolio Services, LP,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
5082808         EDI: BANKAMER.COM Oct 19 2018 23:18:00       Bank of America,    P O Box 982238,
                 El Paso, TX 79998
5082807        +EDI: BANKAMER.COM Oct 19 2018 23:18:00       Bank of America,    9000 Southside Blvd,
                 Bldg 600 FL9-600-0,    Jacksonville, FL 32256-0789
5098325        +EDI: AISACG.COM Oct 19 2018 23:18:00       Capital One Auto Finance, a division of Capital On,
                 AIS Portfolio Services, LP,    4515 N Santa Fe Ave. Dept. APS,    Oklahoma City, OK 73118-7901
5082810        +EDI: CHASE.COM Oct 19 2018 23:18:00       Chase,    P O Box 15298,    Wilmington, DE 19850-5298
5082811         EDI: IRS.COM Oct 19 2018 23:19:00      Internal Revenue Service,     Insolvency Admin,
                 P O Box 7346,   Philadelphia, PA 19101-7346
                                                                                              TOTAL: 7

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 21, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 19, 2018 at the address(es) listed below:
              James   Warmbrodt    on behalf of Creditor    BANK OF AMERICA, bkgroup@kmllawgroup.com
              Michael John Csonka    on behalf of Debtor 2 Teresa Louise Moran office@csonkalaw.com,
               kwhitsel@csonkalaw.com;r48114@notify.bestcase.com
              Michael John Csonka    on behalf of Debtor 1 James Doyle Moran, II office@csonkalaw.com,
               kwhitsel@csonkalaw.com;r48114@notify.bestcase.com
              Steven M. Carr (Trustee)    carrtrustee@yahoo.com, pa31@ecfcbis.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 5
```

**Information to identify the case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **James Doyle Moran II** | Social Security number or ITIN | xxx–xx–7861 |
| | First Name  Middle Name  Last Name | EIN | _ _ – _ _ _ _ _ _ _ |
| Debtor 2 | **Teresa Louise Moran** | Social Security number or ITIN | xxx–xx–8400 |
| (Spouse, if filing) | First Name  Middle Name  Last Name | EIN | _ _ – _ _ _ _ _ _ _ |

United States Bankruptcy Court  **Middle District of Pennsylvania**

Case number:  **1:18–bk–02876–HWV**

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

James Doyle Moran II        Teresa Louise Moran

**By the court:**  *Henry W. Van Eck*

October 19, 2018

Honorable Henry W. Van Eck
United States Bankruptcy Judge

By: AutoDocketer, Deputy Clerk

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**